WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Kathy Grismore,

                            Plaintiff,

v.

Capital One Financial Services
Corporation, Capital One Services, Inc.,
Capital One Bank,

                            Defendants.

NO. CV-05-2460-PHX-SMM

**ORDER**

        Pending before the Court is Capital One Financial Services Corporation's ("COFSC")[1], Capital One Services, Inc.'s ("COS"), and Capital One Bank's ("COB") (collectively the "Capital One entities") Motion to Dismiss the Complaint ("Motion to Dismiss") pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction as to COFSC and COS, and pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.  (Dkt. 5.) Plaintiff Kathy Grismore has filed a response to Defendants' Motion to Dismiss.  (Dkt. 7). In turn, Defendants have filed a reply in support of their motion.  (Dkt. 8).

        Plaintiff Grismore, an individual consumer, brought an action for damages against the Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and for violations of Arizona's consumer fraud statutes from October 2004 through June

_____

        [1] Plaintiff has sued an entity by the name of "Capital One Financial Services Corporation."  (Dkt. 1).  Defendant claims the entity's true name is "Capital One Financial Corporation."  (Dkt. 5).  For purposes of this order, the Court refers to COFSC.

1    2005.  (Dkt. 1).  Plaintiff's action stems from credit card accounts she maintains with COB.

2    Plaintiff began a series of correspondence with the Capital One entities and various credit

3    reporting agencies to dispute her credit card accounts with COB.  Based on their status as

4    Delaware corporations with their principal places of business in Virginia and no contacts

5    with Arizona, Defendants COFSC and COS moved to dismiss this action for lack of

6    personal jurisdiction. (Dkt. 5). Furthermore, Defendants assert Plaintiff's Complaint should

7    be dismissed against all three entities for failure to state a claim upon which relief can be

8    granted.  Defendants assert several reasons why Plaintiff cannot obtain relief, including the

9    FCRA does not grant a private right of action, and Plaintiff has not alleged sufficient facts

10   under her state law claims.  (Dkt. 5).

11   **I.    Motion to Dismiss Based on Lack of Personal Jurisdiction as to Capital One**
     **Financial Services Corporation and Capital One Services, Inc.**

12           When a defendant challenges personal jurisdiction, the plaintiff bears the burden of

13   establishing the court's personal jurisdiction over the defendant.  See Doe v. Unocal Corp.,

14   248 F.3d 915, 922 (9th Cir. 2001).  When the court relies on affidavits and discovery

15   materials without an evidentiary hearing, the plaintiff need only make a prima facie showing

16   of jurisdiction to avoid the motion to dismiss.  Ochoa v. J.B. Martin and Sons Farms, Inc.,

17   287 F.3d 1182, 1187 (9th Cir.2002).  The allegations in the plaintiff's complaint must be

18   taken as true and any conflicts in the facts presented by the parties must be resolved in the

19   plaintiff's favor. Id.

20           "Where, as here, there is no applicable federal statute governing jurisdiction, the law

21   of the state in which the district court sits applies."  Harris Rutsky & Co. Ins. Servs., Inc. v.

22   Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir.2003) (Harris).  Arizona's long-arm

23   statute allows for "personal jurisdiction over parties... to the maximum extent permitted by

24   the Constitution of [Arizona] and the Constitution of the United States." Ariz. R. Civ. P.

25   4.2(a). Thus, the Court "need only determine whether personal jurisdiction in this case

26

-2-

would meet the requirements of due process ." <u>Harris</u>, 328 F.3d at 1129 (quoting <u>Brainerd v. Governors of the Univ. of Alberta</u>, 873 F.2d 1257, 1258 (9th Cir.1989)).   Absent traditional bases for personal jurisdiction (physical presence, domicile, or consent), due process is satisfied when a defendant has minimum contacts with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945).

While there are two types of personal jurisdiction, general and specific, Defendants' contacts with Arizona indisputably are not so pervasive as to subject them to general jurisdiction, and Plaintiff asserts only specific jurisdiction (Dkt. 7, ¶ 6). Specific jurisdiction is a case specific inquiry that allows for jurisdiction when a foreign defendant's "less substantial contacts with the forum give rise to the cause of action before the court." <u>Doe</u>, 248 F.3d at 923. The relevant inquiry is "whether the cause of action arises out of or has a substantial connection" with the defendant's actions in the forum. <u>Id.</u> (quoting <u>Hanson v. Denckla</u>, 357 U.S. 235, 250-53 (1958)).

The Ninth Circuit applies a three-part test to determine whether the court may exercise specific jurisdiction over a nonresident defendant:  (1) The nonresident defendant must purposefully direct his activity or consummate some transaction with the forum or resident, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) Exercise of jurisdiction must be reasonable.  <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 802 (9th Cir. 2004).  Once minimum contacts are established, a rebuttable presumption arises that the exercise of jurisdiction is reasonable. <u>Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.</u>, 784 F.2d 1392, 1397 (9th Cir.1986).

/ / /

-3-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**A.      Motion to Dismiss Based on Lack of Personal Jurisdiction as to Capital One Financial Services Corporation (COFSC)**

1. Purposeful availment through forum-related activities

In the first part of the test, the court determines "whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of the plaintiff." Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988).  In order to have purposefully availed himself of conducting activities in the forum, the defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.  Id.  When a non-resident defendant solicits business in the forum state, if those activities result in the transaction of business, the defendant has purposefully availed himself in the forum state. Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir.1990).  Furthermore, "the existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." Doe v. Unocal Corp., 248 F.3d 915, 925 (9th Cir.2001).  However, a subsidiary's contacts may be imputed to the parent corporation when "the parent and subsidiary are not really separate entities, or one acts as an agent of the other."  Id.

Here, Plaintiff Grismore has the burden of showing that COFSC consummated some transaction with her, or performed some act by which COFSC purposefully availed itself of the privileges of conducting business in Arizona.   Plaintiff's Complaint alleges that Defendant COFSC is the parent company of COB, and nothing more.  (Dkt. 1, ¶ 6).  Defendant maintains that COFSC has had no contacts whatsoever with the State of Arizona, and that it has never issued credit cards, such as the credit card accounts Plaintiff maintains with COB. (Dkt. 5, Bailey Aff. at ¶ 4).  Plaintiff does not allege that her credit card accounts are with COFSC, or that COFSC transacted business with her.  Rather, Plaintiff merely attaches letters to her Complaint in an attempt to show that COFSC aimed its business at her.

-4-

(Dkt. 7, Ex. 30, 31).  Unfortunately for Plaintiff, only those contacts with the forum that were created by the defendant, rather than those manufactured by the unilateral acts of the plaintiff, should be considered when determining whether there have been sufficient contacts for exercise of personal jurisdiction to satisfy due process.  Tech Heads, Inc. v. Desktop Service Center, Inc., 105 F.Supp.2d 1142, 1151 (D. Or. 2000) (finding that since defendant sent three letters only after plaintiff first sent a letter, correspondence initiated by plaintiff could not subject defendant to jurisdiction on this basis).  Here, the letters are not a solicitation of business because both letters from COFSC were written in "response to [Plaintiff's] inquiry."  (Dkt. 7, Ex. 30, 31).  COFSC's allegations are not controverted by Plaintiff, and thus there are no factual conflicts to be resolved in Plaintiff's favor.  Because COFSC did not transact with Plaintiff, nor engage in any affirmative conduct that promotes the transaction of business in Arizona, COFSC has not purposefully availed itself of the privilege of conducting business in Arizona.

A separate issue remains as to whether the subsidiary COB's contacts with Arizona may be imputed to the parent corporation COFSC on the grounds that "the parent and subsidiary are not really separate entities, or one acts as an agent of the other."  Doe, 248 F.3d at 925.  Defendant alleges that COFSC and each of its subsidiaries are distinct and separate corporate entities, and all corporate formalities maintaining the separateness are strictly observed at all times.  (Dkt. 5, p. 3).  Plaintiff claims that she has received numerous communications from all three entities, but fails to show that COFSC acted on behalf of COB, or that COFSC ever misrepresented itself as COB.  In fact, the letters attached to Plaintiff's Complaint support Defendants' position that COFSC and COB are separate entities.  Each letter clearly states the distinct title of the entity responding to Plaintiff's inquiry.  Furthermore, the letters from COFSC clearly state either "this is not an attempt to collect a debt, but a response to your inquiry " or "your inquiry has been referred to the appropriate department for response."  (Dkt. 7, Ex. 30, 31).  Plaintiff has not shown that

1   COFSC acted as an agent of COB, or directly dealt with her in regards to her credit card
2   accounts with COB.  Because Plaintiff has not provided any evidence that "the parent and
3   subsidiary are not really separate entities," the alter-ego exception does not apply.  Id.

4       By failing to show that actions of its subsidiaries should be imputed to COFSC, or
5   that COFSC purposefully availed itself of the privilege of conducting business in Arizona,
6   Plaintiff has failed to provide evidence of any relevant contact between COFSC and the State
7   of Arizona.  Therefore, Plaintiff has failed to meet her burden of a "prima facie showing of
8   personal jurisdiction" over COFSC.  Ochoa, 287 F.3d at 1187.

9       2. Arising out of or relating to Defendant's forum-related activities

10      Furthermore, Plaintiff's allegations against the Capital One entities arise out of her
11  credit card accounts with COB, not with any activity conducted by COFSC.  In determining
12  whether Plaintiff's claims arise out of COFSC's local conduct, the Ninth Circuit follows the
13  "but for" test.  See Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir.1995).  Hence, Plaintiff
14  must show that she would not have suffered an injury "but for" COFSC's forum related
15  conduct.  See id.  If COFSC indeed solicited business from Plaintiff, she has not shown that
16  those solicitations resulted in the transactions that give rise to *these* claims.  Therefore, even
17  if the letters from COFSC were found to invoke jurisdiction, Plaintiff's claims do not arise
18  from transactions that she made with COFSC, but rather with COB.  Since Plaintiff cannot
19  show that but for COFSC's letters she would not have suffered harm from the credit card
20  accounts with COB, she has also failed to meet this prong of the specific jurisdiction test.

21      3. Reasonableness

22      "Reasonableness is considered as a separate factor in determining the existence of
23  limited jurisdiction."  Sinatra, 854 F.2d at 1198.  When the first two elements are met, the
24  burden then shifts to the defendants to rebut the presumption that the exercise of jurisdiction
25  is reasonable.  Id.  Because the Court cannot exercise jurisdiction over COFSC, nor has
26  COFSC ever consented to the exercise of specific jurisdiction (Dkt. 5, ¶ 6), the Court does

not need to address whether the exercise of jurisdiction is reasonable.

**B.    Motion to Dismiss Based on Lack of Personal Jurisdiction as to Capital One Services, Inc. (COS)**

1. Purposeful availment through forum-related activities

A similar analysis applies to whether this Court can exercise jurisdiction over COS. In her complaint, Plaintiff alleges that COS purposefully availed itself of the privileges of conducting business in Arizona because its "statutory agent" is located in Phoenix, Arizona. (Dkt. 2, ¶ 5).  On the other hand, COS claims it has never authorized an agent to accept service of process in Arizona. (Dkt. 5, Bailey Aff. at ¶ 21).  Since conflict in this fact exists, the allegations in Plaintiff's complaint must be taken as true.  <u>Ochoa</u>, 287 F.3d at 1187. Notwithstanding that this fact is deemed true, Plaintiff only alleges that COS's statutory agent is located in Phoenix, but does not claim that she served a summons or filed a waiver of service to establish personal jurisdiction over COS.  <u>See</u> Fed.R.Civ.P. 4(k)(2).  Moreover, jurisdiction resulting from service of a summons with respect to claims arising under federal law must still be "consistent with the Constitution and laws of the United States," or in other words with due process.  <u>Id.</u>

2. Arising out of or relating to Defendant's forum-related activities

It is uncontested that COS provides servicing operations to COFSC and its subsidiaries.  Plaintiff alleges that COS's functions "includes administering consumer credit card accounts." (Dkt. 1).  COS, by contrast, claims it exists solely to provide services to COFSC and its subsidiaries, but denies that it has ever "issued credit cards, made loans, accepted payments, or engaged in any business other than providing services to [COFSC] and its subsidiaries." (Dkt. 5, Bailey Aff. at ¶ 18).  Although whether COS exists solely as a service company is in dispute, Plaintiff has not alleged that COS serviced the particular credit card accounts she held with COB, but rather that her "exhibits clearly show COS doing business aimed at the Plaintiff" (Dkt. 7, ¶¶ 4-5).  Even if COS sent a letter to Plaintiff,

-7-

the credit reporting violations at issue here arise out of Plaintiff's dealings with COB.  Thus, this Court cannot exercise jurisdiction over COS, and COS has not consented to the exercise of specific jurisdiction in Arizona (Dkt. 5, Bailey Aff. at ¶ 20).  Therefore, this Court need not address the reasonableness of exercising jurisdiction over COS in Arizona.

In sum, this Court cannot exercise personal jurisdiction over COFSC and COS because Plaintiff has failed to make a prima facie showing that they purposefully availed themselves of conducting business in Arizona and that Plaintiff's causes of action arise out of their activities in Arizona.  Neither COFSC nor COS have sufficient minimum contacts, if any, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Int'l Shoe, 326 U.S. at 316.  Therefore, Defendants' Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction as to COFSC and COS will be granted.  However, it should be noted that Defendant COB has not challenged jurisdiction, and Plaintiff Grismore may still be able to pursue her claims against COB in this Court.  Therefore, Defendants' Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim must also be considered.

## II.    Motion to Dismiss for Failure to State a Claim

Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.  Neitzke v. Williams, 490 U.S. 319, 326 (1989).  A complaint may not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief."  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  If as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, under Rule 12(b)(6) a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. See Neitzke, 490 U.S. at 327.  Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

1   cognizable legal theory. See Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th
2   Cir.1988).

3        On a motion to dismiss for failure to state a claim, the court must presume all factual
4   allegations of the complaint to be true and draw all reasonable inferences in favor of the
5   nonmoving party.   Usher, 828 F.2d at 561.   Furthermore, the allegations of a pro se
6   complaint, "however inartfully pleaded," should be held "to less stringent standards than
7   formal pleadings drafted by lawyers." Jones v. Community Redevelopment Agency of City
8   of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984) (citations omitted).   Notwithstanding, a
9   court is not required to accept legal conclusions cast in the form of factual allegations if
10  those conclusions cannot reasonably be drawn from the facts alleged.   McGlinchy v. Shell
11  Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988).   The Court declines to consider any
12  materials submitted outside of the pleadings. Fed.R.Civ.P. 12(b).

13       **A.    Fair Credit Reporting Act Claims**

14       1. Plaintiff's claim under 15 U.S.C. § 1681s-2(a)

15       The FCRA allows an action to be brought in any appropriate United States district
16  court when liability is created under the Act. 15 U.S.C. § 1681p.  However, the civil liability
17  imposed under  § 1681n and § 1681o on any person who willfully or negligently fails to
18  comply with the FCRA's requirements "do[es] not apply to any violation of subsection (a)
19  of [§ 1681s-2]". 15 U.S.C § 1681s-2(c).  The FCRA expressly provides that § 1681s-2(a),
20  the duty of furnishers of information to provide accurate information, "shall be enforced
21  exclusively as provided under section 1681s of this title by the Federal agencies and officials
22  and the State officials identified in section 1681s of this title."  15 U.S.C. § 1681s-2(d).
23  Thus, the FCRA bars consumers from bringing a private cause of action against a furnisher
24  of credit information for failing to provide accurate information because the authority to
25  pursue such claims falls within the province of federal and state agencies.  See Nelson v.
26  Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059 (9th Cir. 2002).

1   Plaintiff's Complaint cites § 1681s-2(b) of the FCRA, but couches her allegation using

2   the statutory language of § 1681s-2(a)(1)(B):  "reporting information after notice and

3   confirmation of errors."  (Dkt. 1, ¶ 33).  Furthermore, Plaintiff repeatedly refers to the

4   accuracy of the credit information, which more appropriately falls under § 1681s-2(a). (Dkt.

5   1).  Because Plaintiff appears to have plead several claims under § 1681s-2(a)(1)(B), the

6   Court addresses this section.

7   Plaintiff makes several allegations that COB has not reported accurate information.

8   (Dkt. 1).  However, the FCRA expressly states that the duty of furnishers of information to

9   provide accurate information under § 1681s-2(a) must be enforced exclusively by federal and

10  state agencies.  Furthermore, § 1681s-2(a) has been interpreted as barring any private right

11  of action, and no liability has been created for a furnisher of information's failure to provide

12  accurate information.  See Cisneros v. Trans Union, LLC, 293 F. Supp. 2d 1167, 1174 (D.

13  Haw. 2003); Pirouzian v. SLM Corp., 396 F. Supp. 2d 1124, 1126-27 (S.D. Cal. 2005).

14  Because Plaintiff has failed to plead a "cognizable legal theory" under § 1681s-2(a), her

15  claims cannot be maintained on these grounds.  Balistreri, 901 F.2d at 699.

16  2. Plaintiff's claim under 15 U.S.C. § 1681s-2(b)[2]

17  While consumers cannot maintain a private cause of action under 15 U.S.C. § 1681s-

18  2(a), a private cause of action exists under § 1681s-2(b) when furnishers of credit

19  information fail to follow proper investigation procedures after receiving notice of dispute

20  pursuant to § 1681i(a)(2).  See Nelson, 282 F.3d at 1060.  In order for § 1681s-2(b) to apply,

21  the furnisher of credit information must have received notice from a *consumer reporting*

22  *agency* within five (5) business-days of a dispute from a consumer, and the  notice must have

23  included all relevant information regarding the dispute received by the agency from the

24  consumer.  15 U.S.C. § 1681i(a)(2) (emphasis added).

25  ───────────────
    [2]  Although Plaintiff seems to have pled under § 1681s-2(a) of the FCRA, she
    repeatedly cites § 1681s-2(b) in her claims, so this section will also be addressed by the
26  Court.  (Dkt. 1).

In order to trigger § 1681s-2(b), Plaintiff must allege that COB received notice of a dispute from a consumer reporting agency. Thus, Plaintiff's correspondence with COB, as well as with various credit reporting agencies, is irrelevant. (Dkt. 1, ¶¶ 13, 16). At issue, rather, is whether Plaintiff alleges that COB received notice from any of the credit reporting agencies and then failed to make a proper investigation.

Defendants argue that Plaintiff fails to state sufficient facts to support her claim. (Dkt. 5, p. 8). As a pro se litigant, Plaintiff's allegations, "however inartfully pleaded," should be held "to less stringent standards than formal pleadings drafted by lawyers." Jones, 733 F.2d at 649. Furthermore, when a plaintiff does not specifically allege a violation of § 1681s-2(b), another court in this Circuit has found that the facts in the complaint can sufficiently support a claim under that section. Pirouzian, 396 F. Supp. 2d at 1127. The plaintiff's FCRA claim need not turn solely on the fact that she has only contacted the furnisher of information directly, but may include allegations that, at the very least, create the reasonable inference that the furnisher failed to adequately respond to the credit reporting agencies' investigatory inquiries. Sheffer v. Experian Information Solutions, Inc., 249 F.Supp.2d 560, 562 (E.D. Pa. 2003).

Plaintiff alleges two occasions on which she received responses from different credit reporting agencies that "they have already investigated the information disputed and the credit grantor has verified its accuracy." (Dkt. 1, ¶¶ 14, 20). From these statements, it can be inferred that the credit reporting agency notified the credit grantor, COB, who conducted an investigation. Furthermore, Plaintiff alleges several times that COB has reported *and* verified inaccurate information to the credit reporting agencies, from which it can also be inferred that COB did not follow proper investigatory procedures after it received notice from a credit reporting agency. (Dkt. 1, ¶¶ 26, 27). Therefore, Plaintiff has met the pleading requirements by setting forth a short and plain statement of her claim showing that she is entitled to relief. Fed.R.Civ.P. 8(a). However, only those claims that set forth the triggering

-11-

event have been sufficiently plead, specifically the months of February and April (Dkt. 1, ¶¶ 14, 20), only with respect to Experian and Equifax, respectively. (Dkt. 1, ¶¶ 51, 58). For all of the other months in which there is "an absence of sufficient facts alleged," those claims will be dismissed with leave to amend. See Balistreri, 901 F.2d at 699.

### B.     State Law Claims

1. Plaintiff's claim under A.R.S. § 44-1522 ("Arizona Consumer Fraud Act")

Although pro se litigants are generally held to less stringent standards, all litigants must adhere to Rule 9 of the Federal Rules of Civil Procedure when pleading special matters. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir.1985) (emphasis in original).

Rule 9(b) demands that the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong.'" Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir.1993)). Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. Vess, 317 F.3d at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997)). A motion to dismiss a complaint or claim "grounded in fraud" under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. Id. at 1107. As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should

ordinarily be without prejudice. Id. at 1108.

In paragraph 69 of her tenth claim, Plaintiff cites A.R.S. § 44-1522, commonly known as the Arizona Consumer Fraud Act:

> The act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise... is declared to be an unlawful practice.

A.R.S. § 44-1522. Defendants argue that Plaintiff fails to allege fraud with particularity as required by Fed.R.Civ.P 9(b). (Dkt. 5, p. 11). Indeed, Plaintiff has not set forth *any* facts alleging fraud by COB in either her complaint or her response to Defendants' Motion to Dismiss. (Dkts. 1, 7). Plaintiff only parrots the language of the Arizona statute, but does not provide any facts regarding "the who, what, when, where, and how" of the alleged misconduct. Vess, 317 F.3d at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997)). Therefore, paragraph 69 of Plaintiff's complaint under A.R.S. § 44-1522 will be dismissed without prejudice for failure to comply with Fed.R.Civ.P 9(b).

2. Plaintiff's claim under A.R.S. § 44-1695(c) of the Arizona Consumer Reporting Agencies and Fair Credit Reporting Act ("ACRA")

Under A.R.S. § 44-1695(c), "any consumer reporting agency, user of information or source of information that is grossly negligent in the use or preparation of a consumer report or who acts willfully and maliciously with intent to harm a consumer is liable to the consumer." Section 44-1691(2) of ACRA provides the definition of a "consumer reporting agency": "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information on consumers for the purpose of furnishing consumer reports to third parties." The state statute uses identical language as its federal counterpart, the FCRA, to define a "consumer reporting agency." See 15 U.S.C. §1681a(f). Federal courts have interpreted the meaning of a consumer reporting agency under the FCRA by holding that

-13-

1   credit card issuers are not consumer reporting agencies, and acts by creditors in reporting to

2   consumer reporting agencies do not convert creditors into consumer reporting agencies.  See

3   Lema v. Citibank (South Dakota), N.A., 935 F.Supp. 695 (D. Md. 1996); Podell v. Citicorp

4   Diners Club, Inc., 859 F.Supp. 701 (S.D.N.Y. 1994).  This Court agrees.

5         In paragraph 70 of her Complaint, Plaintiff cites the language of the Arizona statute

6   § 44-1695(c), but fails to provide any facts which allege that COB is a consumer reporting

7   agency.  Indeed, to the contrary, Plaintiff alleges that COB is "a limited purpose state

8   chartered credit card bank in Virginia that offers credit cards." (Dkt. 1, ¶ 4).  Based on

9   Plaintiff's own allegations, COB is not a consumer reporting agency as a matter of law.  As

10  a result, Plaintiff's claim under A.R.S. § 44-1695(c) (i.e. ¶ 70 of her Complaint), will be

11  dismissed with prejudice.

12        Accordingly,

13        **IT IS HEREBY ORDERED GRANTING** Defendants' Motion to Dismiss the

14  Complaint as to Capital One Financial Services Corporation and Capital One Services, Inc.

15  based on lack of personal jurisdiction.   Both entities are DISMISSED WITHOUT

16  PREJUDICE from this case.  (Dkt. 5).

17        **IT IS FURTHER ORDERED** that Defendant COB's Motion to Dismiss the

18  Complaint pursuant to Fed.R.Civ.P. 12(b)(6) (Dkt. 5) is GRANTED IN PART and DENIED

19  IN PART as follows:

20        GRANTED Without Prejudice:  Counts 1, 2, 3, 4, 6, 8, 9, paragraphs 50 and 52 of

21  Count 5, paragraphs 59 and 60 of Count 7, and paragraph 69 of Count 10 of Plaintiff's

22  Complaint are DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND.

23  If Plaintiff chooses to amend any of the foregoing Counts or paragraphs, she must file an

24  amended Complaint no later than July 14, 2006.

25        GRANTED With Prejudice:  Paragraph 70 of Count 10 is DISMISSED WITH

26  PREJUDICE and WITHOUT LEAVE TO AMEND.

-14-

1    __DENIED__: Paragraph 51 of Count 5 and paragraph 58 of Count 7 properly state a

2    claim against Defendant COB.

3    DATED this 8th day of June, 2006.

4

5    _____

6    Stephen M. McNamee
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-15-