**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy Grismore, ) | No. CV 05-2460-PHX-SMM |
| ) | |
| Plaintiff, ) | **MEMORANDUM OF DECISION AND ORDER** |
| ) | |
| v. ) | |
| ) | |
| Capital One F.S.B., Capital One Services, ) Inc., Capital One Bank, ) | |
| ) | |
| Defendants ) | |
| ) | |

Pending before the Court are various motions filed by Plaintiff Kathy Grismore and one motion filed by Defendants Capital One Services, Inc.'s ("COS"), Capital One Bank ("COB"), and Capital One F.S.B. ("FSB")(collectively "Capital One"). After careful consideration of the record, the Court has ruled on the following motions: Defendants' Motion to Dismiss (Doc. 21), Plaintiff's Motion to Strike (Doc. 28), Plaintiff's Motion for Partial Summary Judgment (Doc. 29), and Plaintiff's Motion for Sanctions (Doc. 36).

**BACKGROUND**

Plaintiff Grismore, an individual consumer, brought an action for damages against the Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and for violations of Arizona's consumer fraud statute occurring between October 2004 and June 2005. (Doc. 1). Plaintiff's action stems from credit card accounts she maintains with COB. Plaintiff began a series of correspondence with the Capital One entities and various credit

1 reporting agencies to dispute her credit card accounts with COB.  Based on their status as
2 Delaware corporations with their principal places of business in Virginia and no contacts
3 with Arizona, Defendants COFSC and COS previously moved to dismiss this action for lack
4 of personal jurisdiction.  (Doc. 5).  In an order dated June 8, 2006, the Court granted
5 Defendants' Motion to Dismiss Plaintiff's Complaint as to COFSC and COS based on lack
6 of personal jurisdiction.  In the same Order, the Court dismissed Counts 1, 2, 3, 4, 6, 8, 9,
7 paragraphs 50 and 52 of Count 5, paragraphs 59 and 60 of Count 7, and paragraph 69 of
8 Count 10 of Plaintiff's Complaint without prejudice and with leave to amend.  The Court
9 dismissed with prejudice Paragraph 70 of Count 10 and denied the motion as to Paragraph
10 51 of Count 5 and paragraph 58 of Count 7, concluding that Plaintiff properly stated a claim
11 against Defendant COB.   On July 13, 2006, Plaintiff filed her First Amended Complaint
12 (Doc. 19).  In response, on July 31, 2006, Capital One filed a Motion to Dismiss (Doc. 21)
13 and an Answer (Doc. 22) to Plaintiff's First Amended Complaint.   On August 15, 2006,
14 Plaintiff filed a Response (Doc. 25) to the Motion to Dismiss, which was followed by a
15 Reply (Doc. 27) filed by Defendants on August 24, 2006.  On August 28, Plaintiff filed the
16 pending Motion to Strike (Doc. 28), and shortly thereafter, she filed the pending Motion for
17 Partial Summary Judgment (Doc. 29).  On September 7, 2006, Defendants filed a Motion to
18 Withdraw a portion of their Motion to Dismiss the Plaintiff's First Amended Complaint.[1]
19 Thereafter, Defendants responded to both the Motion to Strike and the Motion for Partial
20 Summary Judgment, which included a request for Relief under Rule 56.  On September 19,
21 2006, Plaintiff filed a Motion for Sanctions, for which Defendants filed a Response on
22 October 10, 2006. Finally, on October 13, 2006, Plaintiff filed a Reply to the Motion for
23 Partial Summary Judgment. All pending motions are fully briefed and ripe for determination.

---

[1] Defendants withdrew the portion of the Motion to Dismiss alleging lack of personal jurisdiction (Doc. 31).

- 2 -

**DISCUSSION**

**I.      Motion to Strike (Doc. 28)**

As a preliminary matter, the Court will briefly address Plaintiff's pending Motion to Strike (Doc. 28) Defendants' Motion to Dismiss (Doc. 21).  The Federal Rules of Civil Procedure require that a motion to strike be brought either *before* responding to the pleading, or, if no response is required, within twenty (20) days after service of the pleading. (Emphasis added)  Here, Capital One filed its Motion to Dismiss on July 31, 2006.  Plaintiff responded on August 15, 2006, and Capital One replied on August 24, 2006.  Thereafter, on August 26, Plaintiff filed her Motion to Strike (Doc. 28).  Thus, pursuant to Fed.R.Civ.P.12(f), the Motion to Strike is untimely.

Next, the Court finds that the Motion to Strike itself is improper under the Federal Rules of Civil Procedure.  Rule 12(f) of the Rules permits the court to strike a *pleading* that contains an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Fed.R.Civ.P. 12(f).  The Federal Rules of Civil Procedure do not however provide for the Court to "strike" a *motion*.  It is undisputed that Capital One's "Motion to Dismiss" is not a pleading, rather it is a motion under the Federal Rules.[2]  In opposing a motion to dismiss, a party has the opportunity to assert its arguments in the form of a response filed with the Court.  Here, Plaintiff filed her Response (Doc. 25) on August 15, 2006. Accordingly, the Court finds that no harm will befall the Plaintiff by denying her Motion to

---

[2] *Pleading*: A formal document in which a party to a legal proceeding sets forth or responds to allegations, claims, denials, or defenses.  In federal civil procedure, the main pleadings are the plaintiff's complaint and the defendant's answer.  Black's Law Dictionary (8th ed. 2004).

*Motion*: A written or oral application requesting a court to make a specified ruling or order.  Black's Law Dictionary (8th ed. 2004).

- 3 -

Strike as procedurally defective under the Federal Rules of Civil Procedure.[3]  Thus, Plaintiff's Motion to Strike (Doc. 28) is hereby **DENIED** with prejudice.

**II.     Motion to Dismiss (Doc. 21)**

In the pending Motion to Dismiss (Doc. 21), Defendants allege that Plaintiff's First Amended Complaint should be dismissed as to (1) FSB, pursuant to Fed.R.Civ.P. 15(a); (2) COS, for failure to state a claim under FCRA; (3) paragraphs 47 and 51, pursuant to Fed.R.Civ.P. 12(b)(6); (4) Plaintiff's Fourth Claim, pursuant to Fed.R.Civ.P. 9(b) and 8(a); and (5) Plaintiff's Fifth Claim, pursuant to 15(a).  Subsequent to filing the pending Motion to Dismiss, Capital One filed a Notice of Withdrawal (Doc. 31) of its argument relating to the Court's lack of personal jurisdiction over COS contained in the Motion to Dismiss (Doc. 21)  and the applicable portions of the declaration of Cynthia Bailey (Bailey Declaration at ¶ 20, 21, & 22).  However, Capital One did not withdraw its argument that Plaintiff failed to state a claim against COS pursuant to Fed.R.Civ.P. 12(b)(6), nor did Capital One withdraw any other argument contained in its Motion to Dismiss (Doc. 21 ).

**A.     Standard of Review**

Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.  Neitzke v. Williams, 490 U.S. 319, 326 (1989).  A complaint may not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief."  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  If as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, under Rule 12(b)(6) a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on

---

[3]To the extent that the Plaintiff was seeking dismissal of portions of the argument regarding the issue of personal jurisdiction, as well as portions of Ms. Bailey's declaration regarding the same, the motion is **DENIED** as **MOOT** because the arguments and supporting portions of the declaration have previously been withdrawn by Defendants.  (Doc. 31).

- 4 -

1 a close but ultimately unavailing one. See Neitzke, 490 U.S. at 327. Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir.1988).

On a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party. Usher, 828 F.2d at 561. Furthermore, the allegations of a pro se complaint, "however inartfully pleaded," should be held "to less stringent standards than formal pleadings drafted by lawyers." Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984) (citations omitted). Notwithstanding, a court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988). The Court declines to consider any materials submitted outside of the pleadings. Fed.R.Civ.P. 12(b).

**B.   Capital One F.S.B.**

Plaintiff's original Complaint named COFS, COS, and COB as Defendants to the lawsuit. The Court Order dated June 8, 2007, dismissed the original Complaint for lack of personal jurisdiction as to COFS and COS. Thereafter, the Defendants conceded that the Court in fact has personal jurisdiction over COS, and COS was added back into the case. Plaintiff then filed an Amended Complaint naming FSB as a Defendant in addition to two entities she named in her original complaint, COB and COS. In the Court's June 8, 2006 Order, the Court found that Plaintiff successfully stated a claim as to an FSB account (#4791242264737001).

Defendant argues that in order to add FSB as a party to the suit, Plaintiff must seek leave to amend the Complaint under 15(a) of the Federal Rules. However, the Court finds otherwise. Despite the fact that COB filed an Answer to the Complaint, the Answer was not filed until after the Court entered an Order regarding the first Motion to Dismiss. Further,

- 5 -

1  the Answer responded to the entire original Complaint, not to the portions of the Complaint
2  remaining following the Court's decision pertaining to the first Motion to Dismiss.
3  Therefore, the Answer was effectively responding to a pleading that no longer existed.
4  Consequently, the Court finds that the Answer had no effect.  Moreover, the Court finds that
5  under the Ninth Circuit's interpretation of the Federal Rules,  Plaintiff maintained the right
6  to amend her Complaint to add FSB as a Defendant without seeking leave to do so.  Doe v.
7  US, 58 F.3d 494, 496-97 (9th Cir. 1995)(neither the filing nor granting of such a motion [to
8  dismiss] before answer terminates the right to amend)[4].

### C. Failure to State a Claim Under 15 U.S.C. § 1681s-2(b)

#### 1. Capital One Services, Inc. (COS)

Defendant COS contends that Plaintiff has not set forth sufficient facts to state a claim under the FCRA against COS.  Defendant's argument consists of the statement that with the exception of its appearance on a tradeline on a credit report prepared by Transunion, Plaintiff has made no specific allegations with respect to COS.

In order for § 1681s-2(b) to apply, the furnisher of credit information must have received notice from a consumer reporting agency within five (5) business-days of a dispute from a consumer, and the notice must have included all relevant information regarding the dispute received by the agency from the consumer.  15 U.S.C. § 1681i(a)(2) (emphasis added).

Just as the Court found in its June 8, 2006 Order, pertaining to COB, in order to trigger § 1681s-2(b), Plaintiff must allege that COS received notice of a dispute from a consumer reporting agency.

---

[4] Although in this case an Answer was technically filed by COB, as stated, it was not filed until after the Court entered its Order concerning the Motion to Dismiss, and COB Answered a pleading that effectively no longer existed.  Therefore, the Court finds that the Answer has no effect on the Plaintiff's right to amend her Complaint and does not contradict the Ninth Circuit authority.

- 6 -

1    As a pro se litigant, Plaintiff's allegations, "however inartfully pleaded," should be
2 held "to less stringent standards than formal pleadings drafted by lawyers." Jones, 733 F.2d
3 at 649. As previously determined by this Court, when a plaintiff does not specifically allege
4 a violation of § 1681s-2(b), the facts in the complaint may sufficiently support a claim under
5 that section. Pirouzian, 396 F. Supp. 2d at 1127 (emphasis added). Thus, the Plaintiff's
6 FCRA claim need not turn solely on the fact that she has only contacted the furnisher of
7 information directly, but may include allegations that, at the very least, create the reasonable
8 inference that the furnisher failed to adequately respond to the credit reporting agencies'
9 investigatory inquiries. Sheffer v. Experian Information Solutions, Inc., 249 F.Supp.2d 560,
10 562 (E.D. Pa. 2003).

11    After careful review of the First Amended Complaint, the Court finds that Plaintiff has
12 set forth sufficient facts to state a claim against COS. The following are allegations gleaned
13 from the Plaintiff's First Amended Complaint (Doc. 19). On January 21, 2006, Plaintiff
14 received a copy of her personal credit report from Transunion upon which there was a
15 tradeline under the name of Capital One Services. The tradeline was reported as charged off
16 and settled less than full balance. Approximately two days subsequent to receiving the
17 report, Plaintiff contacted Transunion to dispute the settlement tradeline. On March 2, 2006,
18 Plaintiff received a copy of a Transunion credit report and the results of the relevant
19 investigation. It showed the trade line under the name Capital One Services which listed a
20 settlement for less than full balance as verified. On March 3, 2006, Plaintiff again disputed
21 the settlement notation on her Transunion credit report and requested a description of the
22 procedure used to determine the accuracy and completeness of the information being
23 reported including the business name and address of any furnisher of information contacted
24 in connection with such information and the telephone number of such furnisher. On April
25 19, 2006, the Plaintiff received the results of Transunion's investigation and once again the
26 settlement notation under the name Capital One Services was verified.

27
28

1	Plaintiff alleges that despite Defendant's notice of the inaccuracies and problems
2	reported by Plaintiff to the credit reporting agencies, Defendant continued to report the
3	inaccurate information to third parties. The Court finds that from the foregoing allegations,
4	it can be inferred that the credit reporting agency notified the credit grantor, COS, who
5	conducted investigations pertaining to the January Transunion credit report. Plaintiff alleges
6	that COS has reported and verified inaccurate information to the credit reporting agencies,
7	from which it can also be inferred that COS did not follow proper investigatory procedures
8	after it received notice from a credit reporting agency. Therefore, as the Court previously
9	found with regard to COB in its Court's June 8th Order, Plaintiff has met the pleading
10	requirements by setting forth a short and plain statement of her claim showing that she is
11	entitled to relief. See Fed.R.Civ.P. 8(a). Therefore, the Motion to Dismiss for failure to state
12	a claim under the FCRA as to COS is **DENIED** without prejudice.

13	In the alternative, Defendant COS contends that it is not a furnisher of information
14	under the FCRA. See 15 U.S.C. §1681s-2. It contends that it is neither a creditor nor an
15	issuer of credit cards and that it does not submit consumer information to credit agencies.
16	Instead, it asserts that COS operates solely to provide services to the other Capital One
17	entities. Defendant does not however elaborate as to what extent and what type of services
18	are provided by COS to the other Capital One entities. Plaintiff alleges in the First
19	Amended Complaint that COS is a furnisher of information to consumer reporting bureaus
20	as defined by 15 U.S.C. 1681. Specifically, she alleges, COS "provides operating,
21	administrative, and *other services* to Capital One Bank and its affiliated entities that include
22	administering consumer credit card accounts." (Emphasis added) (Doc. 19, ¶5). As this is
23	a motion to dismiss, the Court will look only to the pleadings to determine whether Plaintiff
24	can prove no set of facts to support the assertion that COS is a furnisher of information under
25	15 U.S.C. §1681s-2. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987)
26	(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Because of the limited record, the
27	Court is unable to find unequivocally that COS is not a furnisher of information, that the
28

- 8 -

1  services do not include the furnishing of any type of credit related information as alleged by
2  the Plaintiff.  Therefore,  the Motion to Dismiss based on the assertion that COS is not a
3  "furnisher of information" under the FCRA is **DENIED** without prejudice.

        2.     Paragraphs 47 and 51

As to paragraphs 47, Defendants assert that Plaintiff failed to properly state a claim under 15 U.S.C. § 1681s-2(b).  As stated above, for § 1681s-2(b) to apply, the furnisher of credit information must have received notice from a consumer reporting agency, and the notice must have included all relevant information regarding the dispute received by the agency from the consumer.  15 U.S.C. § 1681i(a)(2).  Thus, in order to trigger § 1681s-2(b), Plaintiff must allege that Defendants received notice of a dispute in June 2005 and then failed to make a proper investigation.

In the First Amended Complaint, Plaintiff alleged receiving a June 28, 2005 credit report (#130503243), which included numerous accounts.  One account is listed as charged off and settled for less than full balance.  Another is listed as charged off, credit limit $0, and balance of $1043.00.  The last account is listed as charged off, revolving, and a high balance of $1026.00. (Doc. 19).  Plaintiff alleges that the tradelines are listed under the name Capital One however, missing from the First Amended Complaint is the allegation that Defendants were given and received notice of a dispute.  Notice of the dispute is an essential element of the  § 1681s-2(b) private cause of action.  Therefore, under  § 1681s-2(b), the Court finds that Plaintiff has not established a claim under FCRA as to the alleged dispute which occurred with Transunion in June 2006.  Consequently, Defendants Motion to Dismiss paragraph 47 is hereby **GRANTED** without prejudice.

Moreover, after carefully considering the pleadings, the Court agrees with Defendants' argument  that paragraphs 50 and 51 are virtually identical and both make a claim for the same occurrence.  In paragraph 50, Plaintiff alleges that a dispute occurred with Transunion in March, 2006.  Then, in paragraph 51, Plaintiff alleged that the same dispute occurred in April, 2006. (Doc. 19).  After considering the pleadings and all of the alleged incidents that

led up to the filing of this suit, it is clear to the Court that paragraphs 50 and 51 attempt to yield two separate yet identical claims out of one incident. In fact the claims are duplicative, and paragraph 51 should therefore be dismissed for failure to state a claim. Accordingly, the Motion to Dismiss paragraph 51 is hereby **GRANTED** with prejudice.

### D.   Plaintiff's Fourth Claim -- Unfair and Deceptive Practices

In her First Amended Complaint, Plaintiff alleges that Defendant FSB engaged in "unfair and deceptive practices". (Doc. 19). Defendants contend that this claim should be dismissed because it violates both Fed.R.Civ.P. 8(a) and 9(b).

Defendants assert and the Court agrees that this claim should be dismissed for failure to adequately give notice of the claim pursuant to Fed.R.Civ.P.8(a)[5]. At the time the First Amended Complaint was filed, Defendants were unable to discern which law Plaintiff was alleging Defendants' conduct had allegedly violated. In her Opposition to the Motion to Dismiss, Plaintiff again missed the opportunity to set forth a short plain statement of the claim showing that she was entitled to relief. Thus, even after full briefing of the motion, the Defendants are still unable to discern a cognizable legal theory upon which the allegation is based and to which they can adequately respond.

Assuming arguendo that Plaintiff had intended to allege that Defendants violated the Arizona Consumer Fraud Act and that Plaintiff had put Defendants on adequate notice of such allegation, Defendants contend that Plaintiff's claim also fails to comply with Rule 9(b) of the Federal Rules of Civil Procedure. Although pro se litigants are generally held to less

---

[5]FRCP 8(a) provides:

**(a) Claims for Relief.** A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded. `Fed.R.Civ.P. 8.`

1 stringent standards, all litigants must adhere to Rule 9 of the Federal Rules of Civil Procedure
2 when pleading special matters. "In all averments of fraud or mistake, the circumstances
3 constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). It is
4 established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement
5 applies to state-law causes of action. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103
6 (9th Cir. 2003). "[W]hile a federal court will examine state law to determine whether the
7 elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b)
8 requirement that the *circumstances* of the fraud must be stated with particularity is a federally
9 imposed rule." Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir.1985) (emphasis in original).

10 In paragraph 53 of her fourth claim, Plaintiff alleges that FSB has engaged in "unfair
11 and deceptive practices, prohibited by Arizona law".  As with all claims that rest on
12 averments of fraud, the circumstances of fraud for a Consumer Fraud Act violation must be
13 stated with particularity. Fed.R.Civ.P.9(b). Here, Plaintiff has not set forth *any* facts alleging
14 fraud by FSB in either her First Amended Complaint or her Response to Defendants' Motion
15 to Dismiss. Further, Plaintiff omits any facts regarding "the who, what, when, where, and
16 how" of the alleged misconduct. Vess, 317 F.3d at 1106 (quoting Cooper v. Pickett, 137
17 F.3d 616, 627 (9th Cir.1997)). Plaintiff failed to plead the times, dates, places, and other
18 details surrounding the allegedly fraudulent conduct. Moreover, Plaintiff failed to cure the
19 defects identified by this Court in its Order dated June 8, 2006.[6]

20 Rule 9(b) demands that the circumstances constituting the alleged fraud "be 'specific
21 enough to give defendants notice of the particular misconduct so that they can defend against
22 the charge and not just deny that they have done anything wrong.'" Bly-Magee v. California,
23 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting Neubronner v. Milken, 6 F.3d 666, 672 (9th
24 Cir.1993)). Averments of fraud must be accompanied by "the who, what, when, where, and

---

[6] Plaintiff's Arizona Consumer Fraud Act claim was dismissed without prejudice by this Court's Order dated June 8, 2006.

- 11 -

1  how" of the misconduct charged. Vess, 317 F.3d at 1106 (quoting Cooper v. Pickett, 137
2  F.3d 616, 627 (9th Cir.1997)). A motion to dismiss a complaint or claim "grounded in fraud"
3  under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion
4  to dismiss under Rule 12(b)(6) for failure to state a claim. Id. at 1107. As with Rule 12(b)(6)
5  dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without
6  prejudice. Id. at 1108. Therefore, Defendants' Motion to Dismiss Plaintiff's fourth claim
7  is hereby **GRANTED** without prejudice [7].

### E. Plaintiff's Fifth Claim -- Defamation

Defendants correctly point out that Plaintiff's original Complaint did not contain allegations of defamation; however, Plaintiff's Fifth Claim in her First Amended Complaint Plaintiff alleges that Defendants' conduct amounted to defamation. Defendants argue that, under Fed.R.Civ.P. 15(a), Plaintiff must seek leave of court to amend her pleading to add the claim of defamation. Under Rule 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Further, a motion to dismiss is not a "responsive pleading" within the meaning of Rule 15. See Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 216 F.3d 764, 788 (9th Cir.2000); Doe v. U.S., 58 F.3d 494, 496-97 (9th Cir. 1995)(neither the filing nor the granting of motion to dismiss before answer terminates right to amend. Thus, under Ninth Circuit jurisprudence, a plaintiff is permitted to amend once as a matter of right even after a motion to dismiss the complaint has been granted. 58 F.3d 494, 496-97 (emphasis added). Here, Defendants did not file a responsive pleading until after the Court entered its Order (Doc. 16) granting in part and denying in part the Defendants' Motion to Dismiss. The Court finds that this act effectively invalidated the Defendants' Answer, as the Complaint no longer existed as the Answer addressed it. Instead of awaiting the filing of the Amended Complaint,

---

[7] To the extent that Plaintiff intended to allege a violation of the Deceptive Trade Practices Act (DTPA), neither the Defendants nor the Court are aware of any such act in Arizona.

- 12 -

Defendants' proceeded to Answer the original Complaint in its entirety, despite the fact that the Court had dismissed many of the claims and two of the three defendants. Because the Answer (filed only by COB) was not filed until after the Court entered its Order pertaining to the Motion to Dismiss Plaintiff's Complaint, the Court finds that the Plaintiff maintained her right to amend her Complaint when she filed her First Amended Complaint.[8] Therefore, Defendants' Motion to Dismiss Plaintiff's claim for defamation based on the argument that Plaintiff failed to seek leave to amend her Complaint to add the claim of defamation is hereby **DENIED**.

In the alternative, Defendants argue that Plaintiff's claim for defamation should be dismissed for failure to adequately state a claim. They contend that "the FCRA provides no separate cause of action for defamation". (Doc. 21, p.13). They also argue that FCRA effectively preempts any state law cause of action for defamation.

(e) Limitation of liability

Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report [FN2] *except as to false information furnished with malice or willful intent to injure such consumer.* (Emphasis added)

15 U.S.C.A. § 1681h.

The Court recognizes that this pertinent language provides limited immunity to the consumer reporting agency but questions whether it applies to each of the defendants in the case at hand. Clearly, the section prohibits defamation actions based upon the information which is disclosed as part of the mandatory disclosures under 15 U.S.C. §§ 1681(g)(h)(or(m).

---

[8]Furthermore, the Court finds that it would arrive at the same outcome whether it accepts the First Amended Complaint as is or whether it ordered Plaintiff to file a separate motion for leave to file an amended First Complaint to include a new party and new claim.

- 13 -

However, it does not preclude actions based upon information obtained by other means or based upon *false information furnished with malice or willful intent to injure such consumer*. Given that this is the motion to dismiss stage, the Court was not provided with any evidence with which to determine whether many critical issues lending themselves to the disposition of the claim of defamation as it pertains to a FCRA law suit. Thus, based on the language of the statute alone, factual determinations remain that can only be determined with discovery. The Court finds that given the circumstances, this claim is suited at a minimum for the summary judgment stage. Therefore, the Motion to Dismiss the Plaintiff's claim of defamation is hereby **DENIED** without prejudice.

### III.     Motion for Partial Summary Judgment (Doc. 29)

The argument made by the Defendants regarding the procedural defects in Plaintiff's Motion for Summary Judgment is well taken by the Court. Local Rule 56.1 requires that a moving party cite to a specific portion of the record where alleged facts may be found. Plaintiff has altogether failed to comply with this portion of the Rule. Such a failure can have a damaging effect on Defendants' ability to adequately respond to Plaintiff's motion. Furthermore, it can cause the Court great difficulty in discerning which facts are disputed and which are undisputed, and whether the parties have adequately satisfied their respective burdens. Despite the fact that Plaintiff is representing herself, she is still bound by the Rules of Civil Procedure. See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (holding that the pro per litigant must follow court rules). Consequently, the Motion for Summary Judgment is hereby **DENIED** without prejudice with permission to re-file in accordance with Local and Federal Rules

of Civil Procedure.[9]  In light of the Court's decision, it is no longer necessary for the Court to consider the Defendant's Rule 56(f) request, as it is effectively **MOOT**.

**IV.     Plaintiff's Motion for Sanctions (Doc. 36)**

Pursuant to Fed.R.Civ.P.11, a motion for sanctions shall be made separate from other motions...but shall not be filed with or presented to the court unless, within 21 days after service of the motion...the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.  It is well settled in the Ninth circuit that the failure to comply with the twenty-one day safe harbor provision of Rule 11 requires the denial of any sanctions sought.  See Barber v. Miller, 146 F.3d 707, 710-11 (9th Cir. 1988) (holding that defendant's failure to comply with Rule 11's "safe harbor" provision barred award of sanctions and also stating that the purpose of the safe harbor is to allow the party to withdraw the offending pleading and thereby avoid sanctions).

In the case currently pending before the Court, the Rule 11 motion was filed with the Court by Plaintiff without prior service on Defendants, thereby violating the express promulgation of Rule 11.  Despite the fact that they were not provided with the requisite 21 day safe harbor, Defendants corrected the error described in the Rule 11 Motion by filing a Notice of Withdrawal with the Court twelve days prior to the date Plaintiff filed the Rule 11 Motion.  Upon notification of a potential error regarding the personal jurisdiction, Capital One withdrew its mistaken arguments and assertions and corrected the record.  Capital One acknowledged its error and apologized for it.  Capital One also withdrew the applicable portions of Cynthia Bailey's declaration.  (Doc. 38)   Thus, because Plaintiff failed to comply with the 21 day safe harbor provided for under the

---

[9] Local Rule of Civil Procedure 56.1(a) also requires that a motion for summary judgment set forth a statement of facts separate from the memorandum and points and authorities. The Court recognizes that Plaintiff has violated the Rule by failing to file a separate statement of facts. This alone may not warrant dismissal however, coupled with Plaintiff's failure to cite to the record, the Court finds dismissal necessary to avoid harm to the Defendants.

- 15 -

1 Federal Rules and because Defendants corrected the allegedly sanctionable conduct prior
2 to the filing of the Rule 11 Motion, Plaintiff's Motion for Sanctions (Doc. 36) is hereby
3 **DENIED** with prejudice.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike (Doc. 28) is hereby **DENIED** with prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 21) is hereby **GRANTED** in part and **DENIED** in part as follows:

GRANTED Without Prejudice: Count Four and Paragraph 47 of Count Two of Plaintiff's First Amended Complaint are DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND. If Plaintiff chooses to amend any of the foregoing Counts or paragraphs, she must file an amended Complaint no later than **March 26, 2007. (Doc. 21)**

GRANTED With Prejudice**:** Paragraph 51 of Count Three of Plaintiff's First Amended Complaint is DISMISSED WITH PREJUDICE and WITHOUT LEAVE TO AMEND. **(Doc. 21)**

DENIED Without Prejudice**:** COS and FSB are currently proper parties to the suit, and Count Five of Plaintiff's First Amended Complaint properly states a claim for defamation at the Motion to Dismiss Stage of litigation . **(Doc. 21)**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 29) is hereby **DENIED** without prejudice**.**

1 **IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (Doc. 36 ) is
2 hereby **DENIED** with prejudice.

3 DATED this 13th day of March, 2007.

Stephen M. McNamee
United States District Judge