**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Kathy Grismore,<br><br>        Plaintiff,<br><br>v.<br><br>Capital One F.S.B., Capital One Services, Inc., and Capital One Bank,<br><br>        Defendants | No. CIV 05-2460-PHX-SMM<br><br>**ORDER** |

      This afternoon the Court had before it both parties to resolve the second discovery dispute generated by Plaintiff's unreasonable interpretation and noncompliance with the Federal Rules concerning discovery and other relevant matters.  This unreasonable interpretation and consequential failure to comply with the necessary rules is quite burdensome on Defendant and has subsequently cost Defendant Capital One significant amounts of time and money to resolve. Plaintiff is warned that any further conduct of this nature may result in the Court striking the Complaint and entering judgment in favor of Defendant.

      Pursuant to the Court's orders made from the bench, Plaintiff must file, no later than **February 15**, **2008**, a supplement to her discovery response to Interrogatory #16.  In particular, Plaintiff must produce the requested **unredacted credit reports**.

      Furthermore, Plaintiff must produce all tax returns for the years requested by Defendant.  In the unlikely event that Plaintiff is unable to ascertan copies of said tax

returns[1], she must make affirmative statements, **under oath**, stating what efforts she made to attempt to produce the tax returns, whether she filed tax returns for those years, and the reason for her inability to produce her tax returns. If the tax returns are not produced, Plaintiff is advised that, pursuant to the best evidence rule, she will not be permitted to refer to the tax returns or the information contained therein at trial. Plaintiff must file the tax returns no later than **February 15, 2008.**

With regard to videotaping the depositions, the Federal Rules of Civil Procedure do not contemplate personal videotaping of depositions by a deponent. Therefore, self-video of any kind is prohibited.

Finally, with regard to the subpoena duces tecum served upon the custodian of records of Transunion, residing in Chicago, Illinois, Defendant's counsel is to file a written Motion to Quash the subpoena in order for the Court to properly consider the matter.

Plaintiff is cautioned that any further unreasonable action related to discovery or the aforementioned conduct may result in sanctions.

DATED this 1st day of February, 2008.

_____
Stephen M. McNamee
United States District Judge

---

[1] Financial hardship is not a valid reason for not ascertaining one's tax returns. Plaintiff filed this lawsuit and therefore has the burden of proof.

- 2 -