**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy Grismore, | No. CIV 05-2460-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Capital One F.S.B., Capital One Services, Inc., and Capital One Bank, | |
| Defendants | |

Currently pending before the Court is the Motion to Quash (Doc. 107) filed by Defendants Capital One Bank, Capital One, F.S.B., and Capital One Services, Inc. (collectively "Capital One"). Defendants have moved to quash the Subpoena transmitted to TransUnion on or about January 25, 2008 to compel production of TransUnion's documents and a deposition upon written questions (the "Subpoena").

Capital One objects to the Subpoena based on the following assertions: (1) the Subpoena improperly requires the non-party TransUnion to travel more than 100 miles from its place of business; (2) the Subpoena failed to issue from a court with proper jurisdiction over TransUnion; (3) the Subpoena was not timely served to Capital One; and (4) the Subpoena commands that TransUnion transmit all documents only to Ms. Grismore, and not to Capital One.

**Fed. R. Civ. P. 45(c)(3)(A)(ii)**:

The Subpoena requires nonparty TransUnion, a business located in Chicago, IL, to travel to Mesa, AZ. Fed. R. Civ. P. 45(c)(3)(A)(ii) prohibits a subpoena from requiring that

1   a non-party travel more than 100 miles from its place of business for a deposition upon

2   written questions. It is undisputed that TransUnion is located substantially more than 100

3   miles from Mesa, Arizona.  Furthermore, the deposition upon written questions requires that

4   the custodian of records be *present* in Arizona for the recording of the responses to the

5   written questions. Consequently, Plaintiff cannot compel TransUnion to travel to Arizona in

6   order for Plaintiff to conduct the deposition(s). Fed. R. Civ. P. 45(c)(3)(A)(ii).

7   **Fed. R. Civ. P. 45(a)(2)(B)&(C)**:

8          The Subpoena issued to TransUnion originated from the United States District Court,

9   District of Arizona. The Federal Rules of Civil Procedure require that the subpoena for

10  attendance at a deposition or for production of documents must issue from the district court

11  where such deposition or production will take place. Fed. R. Civ. P. 45(a)(2)(B)&(C). The

12  instant Subpoena was issued by the District of Arizona.   Because Fed. R. Civ. P.

13  45(c)(3)(A)(ii) requires that TransUnion travel no more than 100 miles from its place of

14  business, the proper subpoena-issuing court is the United States District Court for the District

15  of Illinois.

16  **Fed. R. Civ. P. 32(a)(4)**:

17         Ms. Grismore hand-delivered the Subpoena, including the questions for the deposition

18  upon written questions, to Capital One on January 29, 2008. Fed. R. Civ. P. 32(a)(4) provides

19  that "Within 14 days after the notice and written questions are served, **a party may serve**

20  **cross questions upon all other parties.**" (Emphasis added). Pursuant to the Rules, because

21  Ms. Grismore delivered the questions to Capital One on January 29, 2008, Capital One was

22  entitled to 14 days  to respond with cross questions. Thus, Capital One was not required to

23  serve cross questions until February 12, 2008. The Subpoena, however, requires that the

24  deposition upon written questions take place on February 11, 2008, which did not permit

25  Capital One the time required by the rules to serve cross questions. To be timely, the written

26  questions had to be hand-delivered to Capital One no later than January 28, 2008. Therefore,

27

28                                          - 2 -

1  Defendants were correct in contending that the Subpoena for a deposition upon written

2  questions was not timely delivered to Capital One.

3  **Fed. R. Civ. P. 26(b)**:

4        Ms. Grismore's Subpoena requires that all documents or information be released "to

5  her and only her." (Subpoena at p. 3.) The Subpoena expressly excludes Capital One from

6  obtaining copies of the documents TransUnion was requested to provide. However, Capital

7  One is entitled to **all** discovery taken in this matter and is entitled to obtain copies (at its own

8  expense) of everything that Ms. Grismore receives from any non-party relating to this case

9  or relating to any interrogatory or request for production that Capital One has served. *See*

10  Fed. R. Civ. P. 26(b). Consequently, as correctly established by Defendants, the Subpoena

11  excluding Capital One from obtaining copies of discovery is facially invalid.

12        Accordingly,

13        **IT IS HEREBY ORDERED GRANTING** Defendants' Motion to Quash the

14  Subpoena (Doc. 107) issued to TransUnion.

15        **IT IS FURTHER ORDERED** that the Subpoena issued to TransUnion is hereby

16  **QUASHED**.

17        DATED this 3rd day of March, 2008.

18

19

20                Stephen M. McNamee
              United States District Judge

21

22

23

24

25

26

27

28                      - 3 -