**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy Grismore,<br><br>                 Plaintiff,<br><br>v.<br><br>Capital One F.S.B., Capital One Services, Inc., and Capital One Bank,<br><br>                 Defendants | No. CIV 05-2460-PHX-SMM<br><br>**ORDER** |

Currently before the Court is Plaintiff Kathy Grismore's (Ms. Grismore) Motion for Reconsideration of the Court's Order directing her to produce unredacted credit reports and tax returns. (Doc. 110).

### I. STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." A litigant subject to an adverse judgment may file either a motion to alter or amend the judgment under Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). However, these rules only provide relief from judgments that are "final, appealable orders." *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Rule 59(e) allows for the alteration or amendment of a "judgment" within ten days after "entry of the judgment," FED. R. CIV. P. 59(e), where "judgment" is defined as a decree and any order from which an appeal lies. FED. R. CIV. P. 54(a). Rule 60(b) does not provide relief from judgments, orders, or proceedings which are not "final," that is, are not final decisions within the meaning of 28 U.S.C. § 1291 and generally cannot be appealed immediately. *See Sch.*

1  *Dist. No. 5 v. Lundgren*, 259 F.2d 101, 104 (9th Cir. 1958); *see also* FED. R. CIV. P. 60(b)
2  advisory committee's note ("The addition of the qualifying word 'final' emphasizes the
3  character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and
4  hence interlocutory judgments are not brought within the restrictions of the rule, but rather
5  they are left subject to the complete power of the court rendering them to afford such relief
6  from them as justice requires.").

7  Nevertheless, the trial court has the inherent power to reconsider, set aside, or amend
8  interlocutory orders at any time prior to entry of a final judgment. *Lundgren*, 259 F.2d at
9  104; *see generally also John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82 (1922).

10  Under the "law of the case doctrine," courts do not "reexamine an issue previously
11  decided by the same or higher court in the same case." *Lucas Auto. Eng'g, Inc. v.*
12  *Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001). The doctrine is not a
13  limitation on a tribunal's power, but rather a guide to discretion. *Arizona v. California*, 460
14  U.S. 605, 618 (1983). A court may have discretion to depart from the law of the case where:
15  (1) the first decision was clearly erroneous; (2) there has been an intervening change of law;
16  (3) the evidence is substantially different; (4) other changed circumstances exist; or (5) a
17  manifest injustice would otherwise result. *United States v. Alexander*, 106 F.3d 874, 876 (9th
18  Cir. 1997). A district court abuses its discretion when it applies the doctrine of the law of the
19  case without one of these five requisite conditions. *Thomas v. Bible*, 983 F.2d 152, 154 (9th
20  Cir.), *cert. denied*, 508 U.S. 951 (1993).

## II. DISCUSSION

22  Ms. Grismore brought this action against Defendants for alleged violations of
23  provisions of the Fair Credit Reporting Act. Despite the fact that the documents requested
24  by Defendants contain information both relevant and necessary to this case, Ms. Grismore
25  steadfastly contends that the Court should refrain from compelling her to produce the
26  aforementioned unredacted credit reports and tax returns to Defendants, as Defendants'

- 2 -

1 request is "improper". Ms. Grismore, however, has failed to provide the Court with authority
2 supporting her contention that Defendants' request is improper. Furthermore, Ms. Grismore
3 has failed to establish any of the requisite conditions under the "law of the case doctrine" that
4 would permit the Court to reconsider its previous finding. *Alexander*, 106 F.3d at 876.

5   Accordingly,

6   **IT IS HEREBY ORDERED DENYING** Plaintiff's Motion for Reconsideration
7 (Doc. 110).

8   DATED this 3rd day of March, 2008.

Stephen M. McNamee
United States District Judge

- 3 -