**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy Grismore, ) | No. CV 05-2460-PHX-SMM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| Capital One F.S.B., Capital One Services,) | |
| Inc., Capital One Bank, ) | |
| ) | |
| Defendants ) | |
| ) | |

Currently pending before this Court is Defendants' Motion for Sanction of Dismissal [Doc. 119] filed pursuant to Rule 37, Federal Rules of Civil Procedure. Defendants Capital One Bank, Capital One, F.S.B., and Capital One Services, Inc.₁ [collectively "Capital One"], seek the dismissal of Plaintiff Kathy Grismore's Verified First Amended Complaint for her repeated failure to comply with this Court's Orders that she produce copies of her unredacted credit reports and copies of her tax returns for the years 2000, 2002, and 2003.[1]

## Background

Plaintiff filed a Complaint alleging that Capital One has violated the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.*, by failing to conduct a reasonable investigation after receiving notice of a dispute from a credit reporting agency. [Doc. 19 at ¶¶ 39-51.] Plaintiff also alleges defamation for the same acts. [Id. at ¶¶ 54- 56.] Capital One contends that it

---

[1]Plaintiff failed to file a response to the instant motion.

conducted a reasonable investigation in response to all disputes, that Plaintiff failed to mitigate her damages, and that Plaintiff's claims are barred by the doctrine of contributory negligence. [Doc. 22 at ¶ 57.] Capital One further contends that it is not the proximate cause of Plaintiff's alleged damages.

Capital One contends that since the inception of this lawsuit, it has been unable to gather evidence in support of its defenses because Plaintiff has continually and deliberately avoided her obligation to fairly participate in the discovery process and produce **Court ordered** documents. Capital One's requests for discovery that gave rise to this Court's Orders are straight forward. On September 12, 2007, Capital One served interrogatories and requests for production upon Plaintiff. Plaintiff objected to interrogatory 16 and request for production 4 and refused to respond. [Doc. 119, Exhibit B at 16-17.] Thereafter, in response to Defendants' repeated motions to compel, the Court time and time again ordered Plaintiff to produce the documents. Nevertheless, Plaintiff refused to comply and refused to provide the Court with any justification for her noncompliance.[2]

## **Discussion**

Plaintiff argues that she need not produce unredacted credit reports because they are her "private information". She ignored the Court's ruling to produce the credit reports three times and continues to refuse to produce the documents. Moreover, Plaintiff acted in bad faith by not attempting to obtain tax records from the Internal Revenue Service.

Upon review of the procedural history[3] of this case, the Court finds that the sanction of dismissal is appropriate and just in light of Plaintiff's flagrant disregard for this Court's

---

[2] Although the Court ordered Plaintiff to obtain the documents, if Plaintiff was unable to do so despite her best efforts, the Court ordered that she was to file a declaration explaining why she could not obtain them. No such declaration was filed.

[3] For a detailed explanation of the relevant procedural history, see Document 119.

- 2 -

authority and deliberate inaction with respect to multiple warnings and direct orders of this Court. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (upholding sanction of dismissal for violation of court order where plaintiff was warned of dismissal for noncompliance); *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (holding dismissal as sanction where the violation is "due to willfulness, bad faith, or fault of the party") (quoting *United States v. Kahaluu Const.,* 857 F.2d 600, 603 (9th Cir.1988)). During one of the several discovery dispute hearings involving the unredacted credit reports and tax returns, the Court unequivocally warned Plaintiff that she does not get to "pick and choose" what information she produces. The Court further explained that as the Plaintiff, Ms. Grismore has an obligation to comply with Court orders or risk the sanction of dismissal of her complaint.

During her deposition, Capital One's counsel inquired about the tax returns that she had failed to produce. [Doc. 119, Ex. H. at 23:11-22.] Plaintiff objected to the question and responded that she had produced everything she had.[4] [Id.] Plaintiff further testified that she was *under no obligation* to attempt to obtain copies of her tax returns. [Id. at 26:2-13.] Despite the Court repeatedly ordering her to produce the documents, (and if necessary, to contact the IRS to assist her in doing so), Plaintiff testified that *she took no actions* in an attempt to retrieve the Court-Ordered tax returns and did not contact the Internal Revenue Service. [Id. at 25:14-22.]

When a pro se plaintiff fails to comply with a court order and the court has warned the plaintiff that noncompliance may result in the sanction of dismissal, a court has discretion to dismiss the plaintiff's complaint. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2nd Cir. 1994). Federal Rules of Civil Procedure 37(b)(2)(A)(v) provides in pertinent part, "If a

---

[4] Plaintiff erroneously claims that she is under no obligation to produce records that are not in her possession, despite the fact that they are clearly in her "control" and production has been *ordered by the Court* several times.

party . . . fails to obey an order to provide or permit discovery . . . the court . . . may . . . dismiss[] the action or proceeding in whole or in part . . . ." Here, it is quite evident that Ms. Grismore has intentionally failed to comply with the Court's Orders, despite the Court's recent warning that dismissal was possible should she decide once again not to produce the documents.

In determining whether to impose the sanction of dismissal, the court must consider five factors:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the defendants;
> (4) the public policy favoring disposition of cases on their merits; and
> (5) the availability of less drastic sanctions.

*U.S. for Use and Ben. of Wiltec Guam, Inc. v. Kahaluu Const*. Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988) (quoting *Malone v. United States Postal Service,* 833 F.2d 128, 130 (9th Cir.1987)). "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d 921.

### 1. Public Interest and Docket Management

This case has been pending since 2005, accruing 123 documents and numerous discovery dispute hearing thereby clogging the Court's docket, and affecting every other case pending before this Court. Plaintiff's obvious disregard for this Court's authority and her failure to comply with the Court's orders prevents this Court from being capable of resolving the issues raised in this lawsuit. Essentially, Plaintiff has figuratively tied the hands of the Court through her noncompliance.  Expeditious resolution of this matter is undoubtedly in the best interest of the public, as well as the Court, however such resolution is impossible given the circumstances created by Plaintiff, including her repeated, deliberate noncompliance with this Court's orders.

### 2. Risk of Prejudice to Capital One

Capital One contends that it is prejudiced by Plaintiff's noncompliance because without the Court ordered documents, Capital One is without evidence to support several of its defenses. This Court previously determined that the documents in question are relevant. Should Capital One continue to be denied access to the documents, Capital One's ability to go to trial will be impaired. *U.S. for Use and Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.,* 857 F.2d 600, 604 (9th Cir. 1988) ("The third factor, prejudice, looks to whether the appellants' actions impaired Wiltec's ability to go to trial or threatened to interfere with the rightful decision of the case."). Capital One has established that access to Plaintiff's unredacted credit reports and tax returns is essential to proving Capital One's defenses. Plaintiff has avoided her obligation to produce the documents, and her deliberate disregard of the Court's authority has had and could continue to have costly effects on Defendant.

### 3. Disposition on the Merits

Plaintiff's actions in preventing Capital One's discovery of relevant documents makes disposition on the merits virtually impossible. The Court is unable to dispose of this case on the merits as long as Plaintiff prevents Capital One from obtaining documents that allegedly support its defenses. Defendants are correct in their contention that there can be no complete disposition on the merits until Capital One has had a meaningful opportunity to conduct discovery that would support its defenses.

### 4. Less Drastic Sanctions

The Court finds that the imposition of lesser sanctions will be ineffective in compelling Plaintiff to comply with the Court's orders. Plaintiff has objected to the production of her unredacted credit reports on the grounds that she did not have free access to the Internet. During Plaintiff's deposition, however, Capital One's counsel offered Plaintiff free access to the Internet so that she could download her credit report and comply with the Court's Order. Plaintiff refused the offer. Thereafter, when the parties reached an

inevitable impasse, the Court gave Plaintiff the choice of either staying the deposition or using the free Internet, Plaintiff chose to stay the proceedings. Clearly, staying the proceedings has not persuaded Plaintiff to comply with the Court orders. Moreover, lesser monetary sanctions have until this point been unsuccessful in persuading Plaintiff to comply with court orders. For example, in *United Recovery Systems*, the court imposed monetary sanctions upon Plaintiff because Plaintiff refused to answer basic questions in her deposition.[5] [Doc. 122, Exhibit K.] Despite the court's order to answer the questions, after the deposition reconvened, Plaintiff refused to answer numerous questions. [Doc. 119, Exhibit L at 106:21-119:24.] Such refusal demonstrates Plaintiff's lack of respect for court authority and establishes that lesser sanctions will be ineffective.

## Conclusion

Defendants are correct in their assertion that Plaintiff's persistence in evading this Court's orders has severely delayed discovery and significantly exacerbated the costs of this litigation. Her failure to produce documents has crippled discovery and prevented Capital One from fully preparing its defenses.

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Capital One's Motion for the Sanction of Dismissal (Doc. 119).

**IT IS FURTHER ORDERED** that the Clerk of Court shall dismiss this case in its entirety.

**IT IS FURTHER ORDERED** that any pending motions shall be **DENIED as MOOT**.[6]

---

[5] Plaintiff refused to provide answers to basic questions in her deposition in the instant matter as well, causing an impasse.

[6] Docs 76 and 123.

**IT IS FURTHER ORDERED** that Defendants are authorized to file a motion for reasonable attorneys fees and costs.

DATED this 14th day of March, 2008.

Stephen M. McNamee
United States District Judge