**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy Grismore, | No. CIV 05-2460-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Capital One F.S.B., Capital One Services, Inc., and Capital One Bank, | |
| Defendants | |

Currently pending before the Court is Defendants Capital One Bank, Capital One, F.S.B., and Capital One Services, Inc.'s (collectively "Capital One") Application for Reasonable Attorneys' Fees and Costs[1] (Doc. 133) incurred in successfully moving for the sanction of dismissal of Plaintiff's Complaint for her repeated violations of this Court's orders.

**STANDARD OF REVIEW**

An Arizona court must award reasonable attorney's fees "in any contested action upon clear and convincing evidence that the claim or defense constitutes harassment, is groundless and is not made in good faith." ARIZ. REV. STAT. § 12-341.01(C). An Arizona court may award reasonable attorney's fees to a successful party in any contract action. ARIZ. REV. STAT. § 12-341.01(A). However, this statutory provision does not create a presumption that a successful party is entitled to attorney's fees. Associated Indem. Corp. v. Warner, 694 P.2d

---

[1] This application shall be considered a formal motion by this Court.

1181, 1182-83 (Ariz. 1985) (en banc). An award of reasonable attorney fees under § 12-341.01(A) should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. ARIZ. REV. STAT. § 12-341.01(B). "It need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid." Id.

The trial court has discretion to award attorney's fees under § 12-341.01(A) and is urged to use the following factors in making its determination: (1) the merits of the claim or defense presented by the unsuccessful party; (2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the results; (3) whether assessing fees against the unsuccessful party would cause an extreme hardship; (4) whether the successful party did not prevail with respect to all the relief sought; (5) the novelty of the legal question presented; (6) whether such claim or defense had previously been adjudicated in this jurisdiction; and (7) whether the award in any particular case would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees. Warner, 694 P.2d at 1184.

In the instant case, the Plaintiff was advised by this Court on several occasions of her duty to provide the Defendant with the documents necessary to defend this case. Plaintiff not only repeatedly refused to do so and refused to cooperate during her deposition, but Plaintiff's dilatory tactics has caused the fees in this case to increase dramatically, at not apparent faut of the Defendants. As noted previously order by this Court, Plaintiff's obvious disregard for this Court's authority and her failure to comply with this Court's orders prevents this Court from being able to resolve the issues raised in this lawsuit. Resolution of the matters raised in Plaintiff's Complaint has become impossible given the circumstances created by Plaintiff, including her repeated, deliberate noncompliance with this Court's orders.

1. Defendants are correct in their assertion that Plaintiff's persistence in evading this Court's orders severely delayed discovery and significantly exacerbated the costs of this litigation. It would be unjust for this Court to force Defendants to pay for such high costs when said increased costs could have been avoided simply by cooperating and complying with this Court's orders.

It is questionable whether there is any merit to Plaintiff's claims because contrary to the direct orders of this Court, Plaintiff refused to provide the Defendants with critical, relevant discovery. It is this Court's opinion that, settlement is not an option unless and until all parties are conducting themselves in a matter that is both rational and reasonable. Noncompliance with this Court's orders is neither of two. Furthermore, filing a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681et seq., ("FCRA") and subsequently refusing to provide Defendants with a copy of one's unredacted credit reports and income tax returns does not lend itself to the likelihood of successful settlement. Despite the fact that assessing fees against Plaintiff may cause an extreme hardship on Plaintiff, such is outweighed by the fact that Plaintiff has a history of vexatious litigation, noncompliance with court orders and failing to cooperate during discovery, all of which drastically increase the fees and costs incurred during litigation. See Doc. 124. Claims involving the FCRA come before this court on a frequent basis, and the question presented to this Court was not novel. Finally, no other parties would be discouraged from litigating or defending legitimate contract issue for fear of incurring liability for substantial amounts of attorneys' fees, in fact, if anything, this will encourage individuals to conduct themselves in such a way that complies with the rules and orders of the court before which they are litigating.

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Capital One's Application for Reasonable Attorneys' Fees and Costs (Doc. 133).

///

- 3 -

**IT IS FURTHER ORDERED** that Plaintiff shall remit payment to Capital One in the amount of **$10,397.70 in attorneys' fees** and **870.84 in costs**.

DATED this 7th day of April, 2008.

_____
Stephen M. McNamee
United States District Judge